# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **MARIELLE O'NEILL**, *on behalf of herself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>**MACHOL & JOHANNES, PLLC,**<br><br>Defendant. | Case No.<br><br>**COMPLAINT – CLASS ACTION** |

## NATURE OF ACTION

1. Plaintiff Marielle O'Neill ("Plaintiff") brings this putative class action against Defendant Machol & Johannes, PLLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, individually and on behalf of all others similarly situated.

## JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress

Complaint - 1

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

5. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

Complaint - 2

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

7. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

8. In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

9. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

10. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman*, 755 F.3d at 1117-18 (emphasis in original).

**PARTIES**

11. Plaintiff is a natural person who at all relevant times resided in the State of Washington, County of Snohomish, and City of Arlington.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

Complaint - 3

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

13. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15. Plaintiff is a natural person allegedly obligated to pay a debt.

16. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card (the "Debt").

17. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

18. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated October 9, 2019.

20. A true and correct copy of the October 9, 2019 letter is attached as Exhibit A.

21. The October 9, 2019 letter was Defendant's initial communication with Plaintiff with respect to the Debt.

22. Defendant's October 9, 2019 letter purported to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a).

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

23. However, nowhere in Defendant's October 9, 2019 letter does it meaningfully convey the identity of the creditor to whom the Debt is owed.

24. The October 9, 2019 letter states, "CAPITAL ONE BANK (USA), N.A. AS ASSIGNEE OF HSBC BANK NEVADA, N.A." Exhibit A (emphasis in original).

25. The October 9, 2019 letter then states: "This law firm has been retained by CAPITAL ONE BANK (USA), N.A. AS ASSIGNEE OF HSBC BANK NEVADA, N.A for resolution of the above listed account." *Id*.

26. When Plaintiff received and read the letter, she did not know to whom the Debt was current owed.

27. In addition, Plaintiff, or the least sophisticated consumer, would not know what the term "assignee" meant, and may reasonably interpret the letter in two different ways, one of which is inaccurate.

28. Specifically, Plaintiff, or the least sophisticated consumer, may think that Capital One Bank, N.A. is the creditor of the debt, or may just as reasonably think that HSBC Bank Nevada, N.A is the creditor.

29. Even if Plaintiff, or the least sophisticated consumer, had any knowledge of what "assignee" meant, an assignee may receive all or only some rights from an assignor, and merely stating that one is an assignee does not unambiguously disclose that the assignee is the current creditor.

30. Defendant's October 9, 2019 letter does not otherwise meaningfully explain who assigned the account to it for collection, or give any further indication as to the identity of the current creditor.

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

31. Because Defendant's October 9, 2019 letter was subject to more than one reasonable interpretation, at least one of which is inaccurate, it is misleading as a matter of law.

32. Defendant's October 9, 2019 letter therefore failed to meaningfully convey the name of the creditor to whom the Debt is owed.

## CLASS ALLEGATIONS

33. Plaintiff repeats and re-alleges each factual allegation above.

34. The October 9, 2019 letter is based on a form or template used by Defendant to send an initial written communication to consumers in connection with the collection of consumer debts (the "Template").

35. Upon information and belief, Defendant has sent more than forty (40) collection letters based upon the Template to individuals in the State of Washington in the year prior to the filing of this action where such letter was the initial written communication with the individual.

36. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All individuals in the State of Washington, to whom Defendant sent an initial written communication based upon the Template, within one year before the date of this complaint, in connection with the collection of a debt.

37. The proposed class specifically excludes the United States of America, the State of Washington, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit,

Complaint - 6

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

38. The class is averred to be so numerous that joinder of members is impracticable.

39. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

40. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

41. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

42. The claims of Plaintiff are typical of the claims of the class she seeks to represent.

43. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

44. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

45. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

46. Plaintiff is willing and prepared to serve this Court and the proposed class.

47. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

48. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, who will adequately prosecute this action, and who will assert, protect and otherwise represent Plaintiff and all absent class members.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

50. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

53. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692g(a)(2)**

54. Plaintiff repeats and re-alleges each factual allegation contained above.

55. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice

Complaint - 9

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

56. "Viewed from the perspective of the least sophisticated consumer, the Validation Notice must effectively convey the identity of the creditor." *Youssofi v. CMRE Fin. Servs., Inc.*, No. 15CV2310 JM(WVG), 2016 WL 4098312, at *3 (S.D. Cal. Aug. 2, 2016) ;*see also Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

57. "Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15CV4356SJFARL, 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("[A] debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed.").

58. Where a letter identifies a company only as the "assignee" of another company, and "not as the current creditor or owner of the debt," then the letter does not meaningfully convey the identity of the creditor and "fail[s] to disclose the information required by 15 U.S.C. § 1692g(a)(2)." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016); *see also Neff v. Schlee & Stillman, LLC*, No. 16-CV-10555, 2017 WL 1058847, at *2 (E.D. Mich. Mar. 21, 2017) ("the single reference to Credit One Bank as an 'assignee' does not effectively convey the 'the name of the

Complaint - 10

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

creditor to whom the debt is owed.' 15 U.S.C. § 1692g(a)(2). The term 'assignee' is 'a legal term that would not necessarily help the least sophisticated consumer understand the relationships between the parties listed.'") (quoting *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 613 (6th Cir. 2009)).

59. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the name of the creditor to whom the alleged Debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(b)(ii);

Complaint - 11

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

    f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

    g) Awarding Plaintiff and the class she seeks to represent any pre-judgment and post-judgment interest as permissible under the law; and

    h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e

60. Plaintiff repeats and re-alleges each factual allegation contained above.

61. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

62. "Courts have routinely found debt collection letters to be deceptive where the letter fails to clearly identify the current creditor of the debt. . . . Accordingly, as Defendant's March 3, 2017 letter failed to identify the current creditor of Plaintiff's medical debt, the Complaint as to this allegation sufficiently states a violation of § 1692e." *Valentin v. Grant Mercantile Agency, Inc.*, No. 117CV01019AWISKO, 2017 WL 6604410, at *6 (E.D. Cal. Dec. 27, 2017).

Complaint - 12

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

63.     Defendant violated 15 U.S.C. § 1692e by failing to meaningfully convey the name of the creditor to whom the alleged Debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

    b) Adjudging that Defendant violated 15 U.S.C. § 1692e with respect to Plaintiff and the class she seeks to represent;

    c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

    e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(b)(ii);

    f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

    g) Awarding Plaintiff and the class she seeks to represent any pre-judgment and post-judgment interest as permissible under the law; and

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

    h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

64. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 27, 2020

Respectfully submitted,

<u>s/Amorette Rinkleib</u>
Amorette Rinkleib WSBA# 48626
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone (602) 899-9189
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com
Attorney for Plaintiff

Complaint - 14

Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com